UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| James Sullivan, Jr., | ) | C/A No. 6:06-014-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Caledonia Correctional Institution (CCI); | ) | |
| Sargent Scott, employee CCI: | ) | |
| Sargent Pittman, employee CCI; and | ) | |
| Randy Lee, Warden, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The Plaintiff, pro se, instituted this action on January 3, 2006. Plaintiff claims that personnel at Caledonia Correctional Institution (a state prison in Tillery, North Carolina) used excessive force, resulting in injuries to him. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Bruce H. Hendricks, for pretrial handling. On February 2, 2006, the Magistrate Judge ordered that the case should be transferred to the United States District Court for the Eastern District of North Carolina. The Order contained a Notice as to the plaintiff's statutory right to file objections to the report within ten days of the date of service.

The plaintiff filed a letter on February 15, 2006 requesting that his case be tried in Greenville, South Carolina "because in North Carolina I will be discriminated against in getting a fair hearing. I was hurt by Correctional officers in Caledonia Correctional facility and therefore I feel that it will impair their fair judgement in my case." On April 7, 2006 (after the deadline had passed for filing objections), the plaintiff filed a letter, stating that he is under care of Greenville Mental Health and that he cannot "go back to North Carolina at this time." He further states that he believes that he will be

1

discriminated against and will not be given a "fair hearing" in North Carolina.

The plaintiff appears to assert that the case should be heard in the Greenville, South Carolina District on the basis that he could not receive a fair trial in a district court in North Carolina. However, the Court notes that the Magistrate Judge does not recommend a transfer to state court in North Carolina but rather to the federal district court which is accustomed to hearing this type of cases under its federal question jurisdiction.

Rule 4(e) of the Federal Rules of Civil Procedure ("Service upon Individuals within a Judicial District of the United States") suggests in its title that service normally can be made only within a judicial district. The rule does provide for service upon individuals outside the state under state long-arm statutes. See Fed. R. Civ. P. 4(e). The South Carolina long-arm statute provides for personal jurisdiction where a person has transacted business in the state, committed a tort within the state, and in other situations based upon conduct by the defendant in the state. S.C. Code Ann. §36-2-803 (1976), as amended. The due process clause of the Fifth Amendment "permits a federal court to exercise personal jurisdiction over a defendant only if that defendant has 'certain minimum contacts with [the forum' such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice." See International Shoe Co v. Washington, 326 U.S. 310 (1945), quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940); Bass v. Energy Transportation Corp., 787 F.Supp. 530 (D. Md. 1992)

The plaintiff has made no showing as to any contacts by the defendants, all North Carolina residents according to the Complaint, with the state of South Carolina. The allegations made by the defendant concern alleged excessive force that took place at a state correctional institution located in North Carolina. Although the plaintiff would like to have a federal court in the state where he currently

resides consider his claims, this interest is outweighed by factors favoring consideration of the case in the Eastern District of North Carolina, where personal jurisdiction may be obtained over the defendants and where the incident occurred. The Court finds that the interests of justice require the Court to transfer the case to the United States District Court thereby avoiding procedural problems which could arise from dismissal of the case. See Robbins v. Yutopian Enterprises, Inc., 202 F.Supp.2d 426 (D.Md. 2002); see also, Robertson v. Northcutt, 850 F.2d 690 (4th Cir. 1988) (unpublished opinion, text in Westlaw).

Therefore, the case is transferred to the Eastern District of North Carolina. This Court makes no ruling on the merits of the case.

**IT IS SO ORDERED.**

                                                s/R. Bryan Harwell  
                                                R. Bryan Harwell  
                                                United States District Judge

April 18, 2006  
Florence, SC